UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-422-GWU

VANESSA KLOTZ,                                                    PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.

## INTRODUCTION

Vanessa Klotz brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Disability Insurance Benefits (DIB).

The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.      Is the claimant currently engaged in substantial gainful activity?
        If yes, the claimant is not disabled.  If no, proceed to Step 2.
        See 20 C.F.R. 404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical
        or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
        claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any
        impairment(s) significantly limiting the claimant's physical or
        mental ability to do basic work activities?  If yes, proceed to
        Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
        404.1520(c), 404.1521, 416.920(c), 461.921.

1

06-422 Klotz

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1)

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d
279, 282 (6th Cir. 1985).   Even then, substantial evidence to support the
Commissioner's decision may be produced through reliance on this expert testimony
only if the hypothetical question given to the expert accurately portrays the plaintiff's
physical and mental impairments.  <u>Varley  v. Secretary of Health and Human
Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Klotz, a 32 year-old
former truck driver, machine operator, janitor, bookkeeper, and car sales person with
a high school education, suffered from impairments related to sprains/strains of the
cervical and thoracic spine.  (Tr. 16, 19).  While the plaintiff was found to be unable
to return to her past relevant work, the ALJ determined that she retained the residual
functional capacity to perform a restricted range of medium level work.  (Tr. 23).
Since the available work was found to constitute a significant number of jobs in the
national economy, the claimant could not be considered totally disabled.  (Tr. 23-24).
The ALJ based this decision, in large part, upon the testimony of a vocational expert.
(Tr. 22).

After review of the evidence presented, the undersigned concludes that the
administrative decision is supported by substantial evidence.  Therefore, the Court
must grant the defendant's summary judgment motion and deny that of the plaintiff.

06-422 Klotz

The hypothetical question initially presented to Vocational Expert Anne Thomas included an exertional limitation to medium level work restricted from a full range by a need to avoid exposure to vibrations. (Tr. 402). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 402-403). The ALJ then presented another question with a light level exertional level along with an inability to more than occasionally climb, stoop, and crawl. (Tr. 403). The witness again identified a significant number of jobs which could be performed. (Id.). Therefore, assuming that the vocational factors considered by Thomas fairly depicted Klotz' condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

No treating or examining physician, including the staff at the United Medical Center (Tr. 104-111), the staff at the Spine and Brain Neurological Center (Tr. 112-114), Dr. Tinsley Stewart (Tr. 115-120), the Riverport Health Center (Tr. 169-177), Dr. William Lester (Tr. 178-205, 249-253), the staff at Jellico Community Hospital (Tr. 229-248, 349-368), Dr. Don Doncaster (Tr. 254-306), the staff at the Baptist Regional Medical Center (Tr. 307-310, 369-380), the staff at Corbin Cardiology (Tr. 311-317), Dr. Khalid Chaudry (Tr. 326-333), or the staff at the Pain Management Center (Tr. 336-348) reported the existence of more severe physical limitations than those found by the ALJ. Dr. R. K. Brown (Tr. 207-215) and Dr. Humilidad Anzures (Tr. 216-224), the non-examining medical reviewers, reported the existence of an

inability to ever climb ladders, ropes and scaffolds, along with a need to avoid concentrated exposure to vibrations.  The hypothetical questions presented by the ALJ did not include such a climbing restriction.   However, the Dictionary of Occupational Titles (DOT) indicates that at least the jobs of production assembler (DOT #737.684-034), hand packager (DOT #920.587-018), and dining room attendant (DOT #311.677-018), would not be precluded by any of the physical limitations indicated by the reviewers.  Therefore, this portion of the administrative decision is supported by substantial evidence.

Klotz argues that the ALJ erred in evaluating her mental condition.  The plaintiff was hospitalized at Baptist Regional Medical Center under the care of Dr. Shahzad Shahmalak in March of 2004 for medical detoxification for the abuse of narcotic medication.  (Tr. 318-325).  The claimant was diagnosed as suffering from opiate dependency.  (Tr. 319).  Her Global Assessment of Functioning (GAF) was rated at 30 upon admission and estimated at 52 to 60 for the past year.  (Id.).  A GAF rating of 30 suggests the existence of a "serious" psychological impairment according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.-Revised, 1994) while a GAF of 51 to 60 indicates "moderate" psychological symptoms.  However, an amendment enacted in 1996 to the Social Security Act, codified at 42 U.S.C. Section 423(d)(2)(C) provides that "An individual shall not be considered to be disabled for purposes of

this subchapter if alcoholism or drug addiction would [but for this subparagraph] be a contributing factor material to the Commissioner's determination that the individual is disabled."  The ALJ concluded that any mental limitations which Klotz had were related to her drug addiction and not to another separate mental impairment and, so, did not find that this was a "severe" impairment.  (Tr. 19).  This conclusion would appear appropriate.

Klotz notes the procedure outlined at 20 C.F.R. Section 404.1535 pertaining to the processing of claims in which substance abuse is a material factor and asserts that this was not properly followed.  However, even if the ALJ did not fully apply this procedure, the record is clear that any mental limitations would relate to substance abuse and, so, could not be relied upon to find the plaintiff totally disabled. Therefore, any error would appear to have been harmless.

Klotz notes that Dr. Shahmalak mentioned the presence of depression and anxiety during the course of his treatment.  (Tr. 320).  The plaintiff asserts that this statement suggests the existence of discrete mental impairments not related to drug abuse which were not properly evaluated by the ALJ.  However, the doctor stated that "with withdrawal, patient develops shakes inside and a lot of anxiety and depression." (Id.).  Dr. Shahmalak did not diagnose a mental problem separate from opiate dependency.  Thus, this medical report clearly attributes the symptoms of

06-422 Klotz

anxiety and depression the plaintiff suffered to her drug abuse and, so, the undersigned finds no error.

Finally, Klotz asserts that the ALJ failed in his heightened duty to properly develop the record. The plaintiff was represented by a non-attorney at the hearing. However, review of the hearing transcript indicates that the ALJ was careful to develop the claimant's testimony regarding her impairments and how they affected her. (Tr. 381-400). Klotz asserts that the evidence was sufficient to alert the ALJ as to the need to arrange for a consultative mental examination to determine whether she suffered from any mental problems apart from substance abuse. However, the evidence from Dr. Shahmalak, the treating source, appears definitive on this point. Under these circumstances, the Court finds no error.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 29th day of June, 2007.



**Signed By:**

_G. Wix Unthank_

**United States Senior Judge**

11